## MARTIN D. LILLIS

*v.*

## ALEXANDER GALLAGHER et al

The complainant recovered a judgment at law against the defendant's brother for false imprisonment, and afterwards filed a creditor's bill to set aside, as fraudulent, two conveyances of lands by the brother to the defendant. The evidence showed satisfactorily that the lands in question, in fact, belonged to the defendant, although the legal title thereto had been in the name of his brother.—*Held*, that, as the cause of the action at law had been a tort, there was, against the defendant, no ground of estoppel such as sometimes exists where the cause of action is founded on a contract, and the credit has been given under the belief that the debtor was the true owner of the property, of which he had the legal title only, but not the equitable title.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. E. D. Deacon,* for complainant.

*Messrs. Henry & Dickinson,* for defendants.

THE CHANCELLOR.

This is a creditor's bill. Its object is to subject to the payment of the complainant's judgment against the defendant, Alexander Gallagher, certain real estate in Jersey City, which the latter, with his wife, conveyed to his brother, Joseph Gallagher, the other defendant, September 27th, 1883. The property in question consists of two houses and lots. It was bought by Alexander, and the title taken in his name. One of the properties was conveyed to him in 1868, and the other in 1876. The complainant's judgment was recovered in an action for damages for false imprisonment. It was entered January 23d, 1883, for $550.68 damages and costs. The summons in the suit was issued September 21st, 1882, and served on the 26th. The conveyance of the two properties by Alexander and his wife to Joseph was made, as before stated, on the 27th, the next day after the summons was served. Alexander was, when the imprisonment for damages, for which the judgment was recovered, took place, a policeman in Jersey City, where he lived, and the imprisonment occurred while he was on duty as such officer. The complainant alleges that the properties both belonged to Alexander, and that the transfer thereof to Joseph was fraudulent, and designed to defeat, hinder or delay him in collecting the judgment he might recover in his suit, which had then been begun. The defendants, on the other hand, allege that Alexander, though he held the legal title to the properties, never was the equitable owner thereof; that he held them subject to, and upon a resulting trust in favor of Joseph, at whose request, and for whom they were bought, and who paid all the purchase-money. Both testify that Joseph furnished all the money for the purchase of the properties, and that they were bought for him, by his direction, by Alexander, who held them for him on an understanding between them that he was to hold them for Joseph, and convey them to him on demand. Alexander managed the properties, collected the rents, paid the taxes &c. &c., and accounted to Joseph. He made repairs, but only by Joseph's direction. Joseph was and is unmarried, and has boarded with Alexander all the time, as he still does. In all.

things Alexander recognized Joseph as the owner of the properties. Since they were bought, Joseph has bought other real estate in Jersey City, and Alexander now lives in another house, not one of those in question, also owned by Joseph, for which he pays him rent. Alexander has never had any money to invest. He says he has always worked for small wages, and he has had a family to support. He swears that in purchasing the properties he acted wholly as Joseph's agent, and by his direction, and that they were bought entirely with Joseph's money, and for him; that he took title in his name for Joseph, and at his request, and held it for Joseph, who, he says, allowed him something for his services in taking care of the properties for him. He says, also, that Joseph did not request him to convey them to him, but that he did it of his own accord, in order that they might not be made chargeable with his debts. While he was a man of no means, Joseph was prosperous, and had the money with which to buy the properties. There is no evidence to contradict their testimony, and there is no reason to doubt the truth of their statements. The cause of action having been a tort, the ground of estoppel, which is sometimes found in cases in which the claim is upon contract, and credit has been given on the belief that the debtor was the true owner of property of which he had the legal title only, but not the equitable title, is not found here. The bill will be dismissed, with costs.